# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY J. COLASSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CYBEX INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CYBEX INTERNATIONAL, INC., ) | |
| a New York Corporation, ) | |
| ) | |
| Counterplaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| GARY J. COLASSI ) | |
| ) | Civil Action No. 02-11909 RWZ |
| Counterdefendant. ) | |
| ) | |

## DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

COMES NOW THE Defendant/Counterplaintiff CYBEX INTERNATIONAL, INC. (hereinafter "Defendant/Counterplaintiff" or "CYBEX"), who hereby alleges the following in response to the correspondingly numbered paragraphs the Complaint of



Plaintiff/Counterdefendant GARY J. COLASSI (hereinafter "Plaintiff/Counterdefendant" or "COLASSI"), served on January 13, 2003 as follows:

### **RESPONSE TO ALLEGATIONS**

1. CYBEX admits that this action purports to be a civil action for patent infringement under the patent laws of the United States pursuant to Title 35 of the United States Code and that this Court has jurisdiction under 28 U.S.C. §1338(a) over civil actions relating to patents, and except as specifically admitted herein, CYBEX denies the allegations of this Paragraph.

2. CYBEX is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the allegations of said Paragraph and demands strict proof thereof.

3. CYBEX admits the allegation of Paragraph 3 of the Complaint.

4. CYBEX admits that it transacts business within the District of Massachusetts, including the sales of exercise equipment, and except as specifically admitted herein, CYBEX denies the allegations of this Paragraph and demands strict proof thereof.

5. CYBEX admits that venue is proper in the District of Massachusetts, but defendant denies that it has committed acts of infringement of the patent sued upon herein and demands strict proof thereof.

6. CYBEX admits that United States Patent No. 6,123,646 ("the '646 Patent") states on its face that it is titled "Treadmill Belt Support Deck." The document attached as Exhibit A to the Complaint appears to be a copy of the issued patent. Except as specifically admitted

herein, the allegations of Paragraph 6 of the Complaint are denied and CYBEX demands strict proof thereof.

7. CYBEX admits to designing the Stableflex® system. Except as specifically admitted herein, the allegations of Paragraph 7 of the Complaint are denied and CYBEX demands strict proof thereof.

8. CYBEX denies the allegations of Paragraph 8 of the Complaint and demands strict proof thereof.

9. Paragraph 9 of the Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(e)(2) in that it fails to provide an averment that is "simple, concise and direct." Further, without waiving this issue, CYBEX responds as follows:

    A. As to CYBEX's awareness that the Application for the Patent in suit had been filed with the Patent and Trademark Office, denied and CYBEX demands strict proof thereof.

    B. As to CYBEX's obtaining samples of the patented system from COLASSI, admitted in part and denied in part. Admitted in so far as CYBEX was supplied with sample products from COLASSI. Denied in so far as those samples are alleged to be a "Patented System" and CYBEX demands strict proof thereof.

    C. As to CYBEX's discussion of securing rights from COLASSI, under the then pending Patent Application, denied and CYBEX demands strict proof thereof.

D.  As to all contact between the parties subsequently terminating, without knowledge and therefore, denied and CYBEX demands strict proof thereof.

E.  As to CYBEX's never expressing to COLASSI a view that the subsequently allowed patent-in-suit would not be valid or enforceable, without knowledge and therefore, denied and CYBEX demands strict proof thereof.

F.  As to the letter of August 12, 2002, CYBEX admits receiving correspondence of that date. CYBEX otherwise denies the allegations and demands strict proof thereof.

G.  CYBEX admits having sent a letter dated September 5, 2002, and the content thereof. CYBEX otherwise denies the remaining allegations and demands strict proof thereof as the letter speaks for itself.

H.  CYBEX denies the remainder of paragraph 9 and demands strict proof thereof.

10. CYBEX denies the allegations of Paragraph 10 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The '646 Patent is invalid, unenforceable and void because the alleged invention fails to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 102, 103 and 112.

4

## SECOND AFFIRMATIVE DEFENSE

CYBEX has not infringed any valid claim of the '646 Patent.

## THIRD AFFIRMATIVE DEFENSE

COLASSI's Complaint fails to state any claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

If a determination is made that CYBEX has infringed the '646 Patent, such infringement was and is not willful.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the '646 patent is invalid, void or unenforceable and there can be no liability by reason of an inequitable conduct violation of the duty of candor to the United States Patent and Trademark Office ("USPTO") through the false assertion to the USPTO under 37 C.F.R. §1.317 that the abandonment resulting from Plaintiff's failure to pay the government issue fee due December 17, 1996 was unintentional. Upon information and belief, Colassi intentionally failed to pay the issue fee to the USPTO when due.

## SIXTH AFFIRMATIVE DEFENSE

COLASSI has waived all right to claim infringement by CYBEX of the '646 Patent, and the '646 Patent is rendered invalid and unenforceable by virtue of waiver, estoppel, unclean hands, and laches.

### SEVENTH AFFIRMATIVE DEFENSE

Any claim by COLASSI under the '646 Patent is barred by the Doctrine of Prosecution History Estoppel or otherwise by virtue of admissions, amendments, arguments, representations and/or misrepresentations made to the USPTO during the prosecution of the application from which the '646 Patent issued.

### EIGHTH AFFIRMATIVE DEFENSE

COLASSI's claims for damages are barred in whole or in part by COLASSI's failure to comply with statutory marking requirements.

### PRAYER FOR RELIEF

WHEREFORE, having fully responded to Plaintiff's Complaint, CYBEX hereby requests that this Court:

a. Deny any and all relief sought by COLASSI in its Complaint;

b. Enter judgment in favor of CYBEX as to each and every claim for relief asserted in the Complaint;

c. Dismiss COLASSI's Complaint in its entirety with prejudice;

d. Declare this case an exceptional case and award CYBEX its attorneys fees under 35 U.S.C. §285;

e. Award CYBEX its costs and attorneys fees to the maximum amount permitted under the law; and

    f.    Award CYBEX any such further relief as the Court deems appropriate.

## COUNTERCLAIM

COMES NOW Defendant/Counterplaintiff CYBEX INTERNATIONAL, INC. (hereinafter "Defendant/Counterplaintiff" or "CYBEX"), and for its counterclaim against Plaintiff/Counterdefendant GARY J. COLASSI (hereinafter "Plaintiff/Counterdefendant" or "COLASSI"), and alleges as follows:

## PARTIES

1.  CYBEX is a New York Corporation having a place of business at 10 Trotter Drive, Medway, Massachusetts, 02053.

2.  Upon information and belief, COLASSI is an individual residing in Norton, Massachusetts.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction under Title 28 U.S.C. §§ 1338(a), 2201 and 2202 for a declaratory judgment arising under the patent laws of the United States.

4.  An actual case or controversy exists between CYBEX and COLASSI based on COLASSI's filing a Complaint against Counterplaintiff CYBEX and otherwise alleging infringement by CYBEX of United States Patent Nos. 6,123,646 (the "'646 Patent").

5.  Counterplaintiff CYBEX has been injured and damaged by Counterdefendant COLASSI claiming that CYBEX is infringing the '646 Patent, because this patent is invalid, void, unenforceable and not infringed by CYBEX.

6.  COLASSI has submitted himself to the jurisdiction of this Court and venue is proper in this judicial district pursuant to 28 U.S.C§1391(b).

## COUNT I

**(Declaratory Judgment of Non-Infringement of '646 Patent)**

7.  CYBEX repeats, realleges and incorporates herein by reference the allegations of the foregoing paragraphs 1-6, as though fully set forth herein.

8.  CYBEX does not infringe any of the claims of the '646 Patent.

WHEREFORE CYBEX seeks judgment as set forth hereinafter.

## COUNT II

**(Declaratory Judgment of Invalidity of '646 Patent)**

9.  CYBEX repeats, realleges and incorporates herein by reference the allegations of the foregoing paragraphs 1-6, as though fully set forth herein.

10. The '646 Patent is invalid, void and unenforceable because the alleged invention fails to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 102, 103 and 112.

WHEREFORE CYBEX seeks judgment as set forth hereinafter.

## COUNT III

**(Declaratory Judgment of Inequitable Conduct as to '646 Patent)**

11. CYBEX repeats, realleges and incorporates herein by reference the allegations of the foregoing paragraphs 1-6, as though fully set forth herein.

12. Upon information and belief, COLASSI failed to pay the government fee to the United States Patent and Trademark Office ("USPTO") for issuance of a patent on U.S. Patent Application No. 08/585,700 ("the '700 Application") when said issue fee was due on December 17, 1996. As a result, the '700 Application went abandoned.

13. Upon information and belief, COLASSI filed a Petition for Revival of the the '700 Application in the USPTO on January 21, 1997. Inter alia, said Petition alleged that the COLASSI's failure to pay the issue fee was unintentional.

14. Upon information and belief, COLASSI's failure to pay the issue fee was intentional.

15. The '646 patent is invalid, void or unenforceable and there can be no infringement of the '646 Patent and/or liability by reason of an inequitable conduct violation of the duty of candor to the USPTO through the false assertion to the USPTO under 37 C.F.R. §1.317 that the abandonment resulting from COLASSI's failure to pay the government issue fee due December 17, 1996 was unintentional.

WHEREFORE CYBEX seeks judgment as set forth hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff CYBEX hereby seeks judgment against COLASSI as follows:

a. That the Complaint filed by COLASSI be dismissed with prejudice and that COLASSI recovers nothing by reason thereof;

b.  That it be adjudged and declared that CYBEX has not infringed U.S. Patent No. 6,123,646;

c.  That U.S. Patent No. 6,123,646 be adjudged and declared invalid, void and unenforceable;

d.  That it be adjudged and declared that the inventors, prosecuting attorneys, agents and/or assigns breached the duty of candor toward or committed inequitable conduct in the presentation and prosecution, in the United States Patent and Trademark Office, of the application for U.S. Patent No. 6,123,646 and that such patent is invalid and/or unenforceable as a result;

e.  That this case be adjudged and decreed exceptional and that CYBEX is entitled to recover its costs and reasonable attorneys' fees incurred herein;

f.  That CYBEX be awarded its costs and attorneys fees to the maximum amount permitted under law; and

g.  That such other and further relief and damages be granted to CYBEX as justice and equity may require.

## DEMAND FOR JURY TRIAL

CYBEX hereby demands a jury trial in this action on all issues which may, by law, be tried to a jury.

DATED this 31st day of January, 2003.

By: _____
John Christopher, Esq. (BBO #561163)
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard
Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488

Attorney for Defendant / Counterplaintiff
CYBEX INTERNATIONAL, INC

## CERTIFICATE OF SERVICE

I, John Christopher, hereby certify that I mailed a copy of the foregoing pleading by first class prepaid mail on January 31, 2003 to: Lisa A. Furnald, Christopher P. Sullivan and Marc N. Henschke, Robins, Kaplan, Miller & Ciresi L.L.P., 111 Huntington Avenue, Suite 1300, Boston, Massachusetts 02199; David M. Quinlan, P.C., 40 Nassau Street, Princeton, NJ 08542; Timothy Haller, Niro, Scavone, Haller & Niro, 181 West Madison Street, Suite 4600, Chicago, IL 60602 and Jeffrey C. Morgan, Merriann M. Panarella, Hale & Dorr LLP, 60 State Street, Boston, Massachusetts 02109.

_____
John Christopher

6405